STATE OF LOUISIANA IN THE INTEREST OF       NO. 22-K-97

C.B.                                                 FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

March 11, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** CAMERON BOLDEN

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NGHANA LEWIS, DIVISION "B", NUMBER 22-JV-19042

---

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson

**WRIT GRANTED**

The juvenile, C.B., seeks this Court's supervisory review of the juvenile court's order requiring that he be held in an adult facility.

According to the writ application, on February 7, 2022, C.B. was arrested for illegal possession of a handgun by a juvenile in violation of La. R.S. 14:95.8. On that same date, the juvenile court ordered that C.B. "shall be continued in the custody of St. John the Baptist Parish Sheriff's Office" and that a continued custody hearing shall take place on February 10, 2022. On February 10, 2022, the juvenile court found probable cause for all charges[1] and ordered C.B. to remain detained. On February 14, 2022, in a written Supplemental Order, the juvenile court ordered that C.B. shall remain in custody, that he shall be housed in a segregated unit away from all adults, and that he shall remain segregated from the general population.

On February 25, 2022, C.B. filed a "Petition and Order for Writ of Habeas Corpus and Motion for Release." In response, the juvenile court set the matter for hearing on March 15, 2022. On February 23, 2022, C.B. filed a "Petition for Release and/or for Writ of Habeas Corpus and for Hearing within 72 Hours [C.Cr.P. art. 354]." On February 25, 2022, a hearing was held, and the juvenile court took the matter under advisement.[2] C.B. subsequently filed "Notice of Intent

---

[1] The minute entry attached to the writ application reflects that C.B. was also charged with illegal possession of stolen things of a value of $1,500.00 or more and possession of a firearm with an obliterated serial number.

[2] The minute entry reflects that on February 25, 2022, the following occurred:

to Apply for Writ of Review Decision Dated February 15, 2022 Resulting in Juvenile's Continued Detention in Adult Jail."

In this writ application, C.B. argues that the juvenile court's orders that he remain in the continued custody of the St. John the Baptist Parish adult jail on charges not subject to the rules that can transfer a juvenile's court jurisdiction to adult criminal court were errors necessitating reversal. C.B. argues that the provisions of La. Ch.C. art. 822 require that he be immediately released from the St. John the Baptist Parish adult jail.

La. Ch.C. art. 822 provides:

**Art. 822. Place of continued custody prior to adjudication**

A. Following the hearing required by Article 819,[3] the court may order a child alleged to have committed a delinquent act or alleged to have violated probation or parole for a delinquent act, continued in custody in a licensed public or private facility for juveniles, if licensure is required by law for such a facility, or in a private home subject to the supervision of the court or in a juvenile detention center.
B. The court shall not place a child alleged to be delinquent in the custody of either the department of Children and Family Services or the department of Public Safety and Corrections prior to adjudication.
C. No child subject to the jurisdiction of the juvenile court shall be held in an adult jail or lockup.

(Internal footnote added).

The 1991 comment to the article provides in pertinent part, "Paragraph C is new and represents a change in the former law required to bring Louisiana law into compliance with the requirements of the Juvenile Justice and Delinquency Prevention Act, P.L. 93-415, 42 U.S.C. § 5601. Compare former C.J.P. Article 41(A)(1)."

La. Ch.C. art. 116 (10) provides that "Juvenile detention center" means the same as a secure detention facility. La. Ch.C. art. 116 (24.1) provides that "Secure detention facility" means a facility that provides a physically restricting

---

Petition for release hearing: Newton Savoie/State. Juvenile present from jail with parent and attorney Fontella Baker. State made statements. Baker filed petition for release and writ of habeas corpus. Attorney Baker makes statements. Juvenile has been held in adult jail for almost three weeks. Gordon Jeffcoat made testimony that St. John Parish is not a juvenile facility in a previous hearing. State makes statements. State request [sic] that if juvenile is released to have strick [sic] requirments. [sic] State will have ankle monitors ready for next week, do not have them today. Div B filed a supplemenatal [sic] order to house juvenile in adult jail on February 15, 2022. Baker filed motion to release [sic] on 02/22/2022. State thinks matter should be taken to 5th Circuit. St. John Parish has no contract with juvenile detention centers. Court takes matter under advisement. Attorney Baker objects to court taken [sic] matter under advisement. Attorney Baker needs to be served with both orders to keep juvenile in adult jail so she can start appeal. Juvenile is to remain in adult jail. Court orders pre Adj/pleas status set for March 15, 2022. Juvenile served.

[3] La. Ch.C. art. 819 provides the law regarding continued custody hearings and time limitations.

environment for the temporary care of children in accordance with the Minimum Standards for Licensure of the Louisiana Detention Association.

In *Lazard v. Foti*, 02-2888 (La. 10/21/03), 859 So.2d 656, the plaintiff argued that the sheriff had a duty to transfer the minor to a juvenile facility based on La. Ch.C. art. 822(C). The Supreme Court agreed, noting that Article 822(C) provided that "no child subject to the jurisdiction of the juvenile court shall be held in an adult jail or lockup." The Supreme Court stated that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. Accordingly, the Supreme Court found that it was clear from the plain language of this Article that the sheriff had a duty not to keep the minor in an adult facility. The Supreme Court also found that, "It follows from Article 822(C), therefore, that the sheriff should have transferred a minor held in an adult prison to an appropriate juvenile detention center."

In the instant case, the juvenile court ordered the continuing detention of C.B. at the St. John the Baptist Parish jail. La. Ch.C. art. 822(C) provides, "No child subject to the jurisdiction of the juvenile court shall be held in an adult jail or lockup." Even though the juvenile court ordered that C.B. should be housed in a segregated unit away from all adults and from the general population, Article 822 does not provide for such a situation. The February 25, 2022 minute entry reflects that Mr. Jeffcoat previously testified that the St. John the Baptist Parish jail is not a juvenile facility. In light of Article 822(C) and *Lazard v. Foti*, we find that the juvenile court erred by ordering the continuing detention of C.B. at the St. John the Baptist Parish jail. Based on Article 822(C), C.B. should not be held in an adult jail or lockup. Accordingly, we grant this writ application and order the juvenile court, within 24 hours of this disposition, to either transfer C.B. to a juvenile detention center or release C.B. from custody subject to such terms, conditions, and restrictions as determined by the juvenile court.

Gretna, Louisiana, this 11th day of March, 2022.

**JGG**
**MEJ**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **03/11/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-97**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Respondent)          Fontella F. Baker (Relator)

### MAILED